IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:08-CR-72-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEREMY ALEXANDER DOE | ) | |

This cause is before the Court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The government has responded, and the matter is ripe for ruling. For the reasons that follow, defendant's motion for compassionate release is denied.

BACKGROUND

On June 27, 2008, defendant pleaded guilty to one count of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On September 30, 2008, the Court sentenced defendant to one term of 180 months imprisonment, and one term of 84 months imprisonment to be served consecutively. On May 11, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. On August 30, 2020, the Court denied defendant's motion to vacate under 28 U.S.C. § 2255. Defendant's current projected release date is January 17, 2027.

Defendant seeks compassionate release based upon his health conditions and the current COVID-19 pandemic. Specifically, defendant contends his 2006 lung injury following a stabbing, hypertension, and the risk that COVID-19 poses to his health establishes extraordinary and compelling circumstances to obtain a reduction in sentence.

The government opposes defendant's motion, contending that defendant has failed to properly exhaust his administrative remedy, has failed to demonstrate extraordinary and compelling circumstances, and that the relevant statutory factors counsel against release.

DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a modification of his term of imprisonment, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in the sentence or (2) a defendant who is serving a sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" Id. § 3582(c)(1)(A).

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 994(t). To that end, the Sentencing Commission has defined

---

[1] Pub. L. 115-391, 132 Stat. 5194.

2

extraordinary and compelling reasons in terms of four categories of circumstances having to do with a defendant's age, health, and family circumstances, as well as a catch-all provision. U.S.S.G. § 1B1.13, comment. n.1. But, because U.S.S.G. § 1B1.13 applies expressly to the Director of the Bureau of Prisons, the "consistency requirement simply is not implicated" as to motions filed by defendants pursuant to § 3582(c)(1)(A) as recently amended by the First Step Act. United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020) (internal quotation and alteration omitted). In other words, until the Sentencing Commission updates its guidance, a district court is authorized to independently determine whether extraordinary and compelling circumstances exist, and its determination is not constrained by U.S.S.G. § 1B1.13. Id. at 281-284; see also United States v. Zullo, 976 F.3d 228, 236 (2d Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109-1111 (6th Cir. 2020). In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a reduction in sentence is warranted, a court must further consider the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

A compassionate release motion is deemed exhausted when the movant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Here, even if the Court were to waive the administrative exhaustion requirement and assume that defendant has established extraordinary and compelling circumstances under § 3582(c)(1)(A)(i), compassionate release would be inappropriate upon consideration of the § 3553(a) factors. The nature and circumstances of the offense were serious. Defendant robbed a bank and held a firearm to a bank employee's head. Defendant also robbed two banks in Connecticut using a firearm. While awaiting sentencing, defendant was involved in a violent

3

assault and branding of a fellow inmate. Since his incarceration, defendant has been sanctioned for several incidents including threatening bodily harm, refusing to obey an order, being insolent to a staff member, fighting with another person, disruptive conduct, interfering with security devices, possessing intoxicants, being unsanitary or untidy, failing to stand count, and possessing a dangerous weapon. Considering defendant's history, the need to promote respect for the law, and the need to deter future criminal activity, the Court finds that the sentence imposed remains sufficient, but not greater than necessary, to advance the goals of sentencing set forth in § 3553(a). Having reviewed the record and considered the relevant factors, the Court concludes that relief under § 3582(c)(1)(A) is not warranted.

## CONCLUSION

Defendant's motion for compassionate release [D.E. 60] is DENIED.

SO ORDERED, this **15** day of January, 2021.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE